IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**FELIX BRIZUELA,**

       **Plaintiff,**

v.                                                    Civil Action No. 2:22-CV-00345

**WEST VIRGINIA BOARD OF
OSTEOPATHIC MEDICINE,**

       **Defendant.**

## ORDER

On October 26, 2022, Plaintiff, *pro se*, filed what has been docketed as "Additional Documentation" ostensibly in support of his Complaint (ECF No. 24). In response, Defendant filed its "Objection to Plaintiff's Attempt to Amend the Complaint" (ECF No. 25), to which Plaintiff filed his "Response and Objection" (ECF No. 26) For the sake of simplicity, the undersigned construes Plaintiff's "Additional Documentation" as a request for leave to amend his Complaint. Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend his pleadings "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] motion to amend should be denied only where it would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Marfork Coal Co. v. Smith, 2011 WL 744727 (S.D.W. Va. Feb. 23,

1

2

2011)(Berger, J.)(citations omitted).

On September 21, 2022, Defendant, by counsel, filed its Motion to Dismiss and Memorandum of Law in Support of same. (ECF Nos. 13, 14) Specifically, the above Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted. (Id.) Subsequently, Plaintiff has filed several responses to Defendant's Motion (ECF Nos. 17, 18, 22, 26), and appears to move to amend his Complaint. It is well recognized that where a *pro se* Complaint can be remedied by an amendment, the Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

Accordingly, it is hereby **ORDERED** that Plaintiff's motion for leave to file an Amended Complaint is **GRANTED**. In keeping with this Court's Scheduling Order (ECF No. 21), Plaintiff shall file his Amended Complaint on or before **December 19, 2022**. Plaintiff is further **NOTIFIED** that it will be insufficient for him to simply refer to his prior Complaint, or additional documentation, or to incorporate the same by reference in the Amended Complaint. The Amended Complaint will supersede the original Complaint, and there must be **one integrated document** that will provide Defendant with notice of the claims and allegations against it.

The Clerk is directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: November 3, 2022.



Omar J. Aboulhosn
United States Magistrate Judge