## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**FELIX BRIZUELA,**

      **Plaintiff,**

**vs.**                                  **CIVIL ACTION NO. 2:22-CV-00345**

**WEST VIRGINIA BOARD OF**
**OSTEOPATHIC MEDICINE,**

      **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the Defendant, West Virginia Board of Osteopathic Medicine's, ***Motion to Dismiss the Amended Complaint*** and accompanying ***Memorandum of Law in Support*** of same (ECF Nos. 30, 31). By Administrative Order entered on August 19, 2022, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 8) Having examined the "Am[]ended Complaint Against West Virginia Medical Board" (ECF No. 29), the additional pleadings of record, and pertinent legal authority, the undersigned has concluded that the ***Motion to Dismiss*** should be **GRANTED** for the reasons stated *infra*:[1]

### Plaintiff's Factual Allegations

In this case, the Plaintiff accuses the Defendant of improperly injecting itself into the Plaintiff's criminal trial, which resulted in his conviction but was later reversed by the Fourth

---

[1] Based on the recommendation set forth herein, the undersigned would further recommend the initial motion to dismiss be **DENIED** as **MOOT**. (See ECF No. 13)

Circuit. (ECF No. 29 at 2) The Plaintiff alleges that the Defendant violated his civil rights, when in response to the prosecuting attorney during his trial, it disclosed that it intended to investigate whether the Plaintiff was receiving investment money from a urine drug screen company; the Plaintiff contends that such investigations are to be confidential and privileged "unless admitted as evidence during the course of a formal disciplinary proceeding." (Id.) The Plaintiff concedes that he signed an earlier consent order at the conclusion of an investigation by the Defendant in involving an alleged overdose of a patient, however, the Plaintiff asserts that this is "evidence of collusion between the [Defendant] and prosecutors" because the Defendant omitted the fact the patient had epilepsy (Id. at 2-3). The Plaintiff further alleges that the Defendant's disclosure of a potential investigation during his criminal trial "defamed" him; the Plaintiff also accuses the Defendant of "malicious prosecution" when it omitted the patient's epilepsy diagnosis and by colluding with the prosecution (Id. at 3-4).

For relief, the Plaintiff "will settle" for $1,000,000 and reinstatement of his medical license with no restrictions (Id. at 4).

## Procedural History

On November 10, 2022, the Plaintiff, acting *pro se*[2], filed his Amended Complaint[3] against the Defendant for violating his civil rights when it revoked his license to practice medicine and for participating in his criminal trial, *supra.* (ECF No. 29) On November 23, 2022, the Defendant filed

---

[2] Because the Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[3] The Plaintiff initially filed a complaint on August 17, 2022 in the United States District Court for the Middle District of Pennsylvania, however, it was then transferred to this District (See ECF Nos. 1, 6, 7).

its Motion to Dismiss[4] and Memorandum of Law in support. (ECF Nos. 30, 31) In accordance

with the Roseboro notice issued by the undersigned (ECF No. 32), on December 8, 2022, the

Plaintiff filed his "Amended Objection to Defendant West Virginia Board of Osteopathic

Medicine's Motion to Dismiss the Amended Complaint/Memorandum of Law in Support of

Defendant, West Virginia Board of Osteopathic Medicine's Motion to the Amended Complaint"

(ECF No. 34), and subsequently on December 9, 2022, the Plaintiff filed another "Objection to

Defendant West Virginia Board of Osteopathic Medicine's Motion to Dis[]miss the Amended

Complaint" (ECF No. 35). On December 15, 2022, the Defendant filed its Reply to Plaintiff's

Amended Objection to the Motion to Dismiss the Amended Complaint (ECF No. 36).

Consequently, this matter is fully briefed and ready for resolution.

### The Defendant's Argument in Support of Dismissal

As background, the Defendant observes that the Plaintiff's alleged causes of action relate

to criminal proceedings that resulted in the Plaintiff's conviction in 2019 of fifteen counts of

distribution of a controlled substance outside the bounds of a medical practice, which the Fourth

Circuit overturned on appeal. (ECF No. 31 at 2; citing *United States v. Brizuela*, 962 F.3d 784,

786 (4th Cir. 2020)) The Defendant notes that the Plaintiff pled guilty to a single violation of 21

---

[4] In support of its Motion, the Defendant attached an exhibit that included several exhibits: (1) the Revocation Order issued by the West Virginia Board of Osteopathic Medicine dated October 16, 2020 that vacated a prior January 30, 2019 order revoking the Plaintiff's license to practice osteopathic medicine and surgery based on the Fourth Circuit's reversal of the Plaintiff's original conviction, and that revoked the Plaintiff's license effective October 2, 2020 based on the Plaintiff's guilty plea to a felony involving the transfer, delivery, or possession of a prescription drug; (2) a copy of the January 2018 indictment against the Plaintiff charging him with twenty-one counts of violating 21 U.S.C. §§ 841(a)(1), (b)(1)(C), one count of conspiracy to violate 21 U.S.C. § 841(a)(1), and sixteen counts of violating 42 U.S.C. §§ 1320a-7b(b)(1)(B) filed in the United States District Court for the Northern District of West Virginia; (3) a copy of the six-page written plea agreement signed by the Plaintiff, his counsel, and the Assistant United States Attorney, filed on October 1, 2020 in the United States District Court for the Northern District of West Virginia wherein the Plaintiff agreed to plead guilty to Count Two of the indictment in criminal action number 1:18-cr-1 charging him with distribution of controlled substances outside the bounds of professional medical practice in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and a copy of the judgment order entered on October 1, 2020 in criminal action number 1:18-cr-1 following entry of the Plaintiff's guilty plea. (ECF No. 30-1)

3

U.S.C. §§ 841(a)(1) and 841(b)(1)(C) instead of retrying the case, and because of that, the Defendant revoked his license to practice medicine. (Id. at 2-3)

The Defendant argues that all of the Plaintiff's claims, except his potential Section 1983 claim for malicious prosecution fail due to failure to exhaust his administrative remedies. (Id. at 4) The Defendant notes that its decision revoking the Plaintiff's license to practice medicine is governed under W. Va. Code § 29A-5-4 that provides that he should have filed his petition for appeal within thirty days of the final order, and that the petition was to be filed in a circuit court in a county in West Virginia in which the Plaintiff resides or does business. (Id. at 5) Since the Plaintiff filed no appeal of the Defendant's decision in any circuit court within West Virginia, and did not file this complaint until August 2022, he failed to exhaust his administrative remedies per law. (Id.)

Additionally, the Defendant contends that as an agency of the State of West Virginia, the Plaintiff's claim is considered a claim against the State, and therefore barred by the Eleventh Amendment. (Id. at 5-6) Further, none of the exceptions to this sovereign immunity are applicable herein. (Id. at 6-8)

Next, the Defendant asserts that the Plaintiff's state law claims, malicious prosecution and defamation, are governed under the one-year statute of limitations per W. Va. Code § 55-2-12, and should have been brought prior to October 16, 2021 – one year from the Defendant's final order. (Id. at 8-9) Contrary to the Plaintiff's allegations that the "continuing violations doctrine" survives any applicable statute of limitations, there are no facts to support a continuing violation, as the Defendant has taken no further action since the October 16, 2020 final order. (Id. at 9-10)

The Defendant next argues that the Plaintiff also failed to provide the proper notice of suit

to the Defendant as required under W. Va. Code § 55-17-3: he did not file his original complaint before expiration of the ninety-day requirement; and he only sent an email to the Defendant on March 23, 2022 and via regular mail on March 28, 2022. The Plaintiff never provided proper notice to the Attorney General of West Virginia. (Id. at 11-12)

The Defendant points out that both state and federal law recognize that as a testifying witness in a criminal trial, the Defendant is absolutely immune from any civil actions, including Section 1983 claims. (Id. at 12-13)

The Defendant observes that even if this Court found that the Plaintiff's claims survive the exhaustion of administrative remedies, the various immunities and applicable statutes of limitations, the Plaintiff's Amended Complaint nevertheless fails to allege sufficient allegations to state any cognizable legal claims. (Id. at 13) Regarding the Plaintiff's defamation claim, the Defendant contends that he fails to cite any negligent statements from the Defendant, save for its testimony in his criminal trial when the prosecutor asked if it was aware of the Plaintiff receiving money from a urine drug screen company: "oh, we will have to look into that." (Id. at 14) This testimony fails to meet all the elements of defamation. (Id. at 15) Moreover, the Defendant's order revoking the Plaintiff's license was published due to the non-discretionary duty to do so because of the criminal offenses involved pursuant to W. Va. Code § 30-14-11(a)(1). (Id.) The Defendant had qualified privilege to publish, and it did not do so out of negligence, but only due to the Plaintiff's criminal convictions and later guilty plea. (Id.) The Amended Complaint fails to state a colorable defamation claim against this Defendant. (Id.)

To the extent the Plaintiff has asserted a Section 1983 claim against the Defendant, since it is not a "person" under this statute, it is not subject to such a suit. (Id. at 16) The Defendant

further states that the Plaintiff's malicious prosecution claim fails, as it does not meet the elements provided under Section 1983 or its state law equivalent – neither a reversal of his conviction nor his eventual guilty plea equate to a favorable outcome for the Plaintiff. (Id. at 16, 18) To the extent the Plaintiff alleges that his conviction was secured by fraud, he fails to allege so with any particularity required by Rule 9 of the Federal Rules of Civil Procedure, however, the probable cause for the offense is supported by the fact that he later plead guilty. (Id. at 17) This fact further bolsters the Defendant's nondiscretionary duty to suspend the Plaintiff's license under West Virginia law. (Id. at 17-18) The Defendant also states that the Plaintiff's claim for malicious prosecution fails as there is no evidence that the Defendant had any authority or control over the prosecution, as it only served as a witness at trial. (Id. at 18-19)

Finally, the Defendant points out that the Plaintiff's claim that it violated the law by disclosing a potential criminal investigation fails because he relies upon a Pennsylvania state regulation. (Id. at 19)

## The Plaintiff's Responses[5] in Opposition

The Plaintiff states that he could not exhaust his administrative remedies because the Defendant did not respond to his multiple requests to hear his side of the story – he complains he was not afforded a hearing. (ECF No. 34 at 2, 7) The Plaintiff asserts that the Defendant's

---

[5] The Plaintiff complained that he was not served a copy of the Defendant's motion and memorandum of law in support of dismissal, and referenced violations of unrelated Rules of Professional Conduct and some obscure "NOLO" in an attempt to ask this Court to strike the Defendant's motion (ECF No. 34 at 1-2); however, the undersigned finds the Plaintiff's aggrievement of no moment since he filed no less than two timely responses to the Defendant's motion.

Because the Plaintiff's secondary response filed on December 9, 2022 is basically a repeat of a couple of his arguments set forth in his initial response, the undersigned focuses on the arguments the Plaintiff made in the initial response for purposes herein. The only additional item the Plaintiff added to the subsequent response concerns an affidavit from his former counsel who represented the Plaintiff in both criminal proceedings before the Northern District of West Virginia (See "Exhibit A", ECF No. 35 at 5-7) that the undersigned finds has no bearing on the matters at bar.

representative who testified at his criminal trial did so not in good faith and that he feels he was

targeted by prosecutors and the prosecution was racially charged. (Id. at 2-3) The Plaintiff insists

that he has complied with civil procedure rules for stating a claim: the Defendant violated his civil

rights by announcing a possible investigation during the Plaintiff's criminal trial; the Plaintiff's

claims for defamation are not foreclosed by statutes of limitation as the harm is continuing to the

extent that his health and financial hardships are ongoing due to the loss of his license; the

Defendant is guilty of malicious prosecution by "knowingly and willingly omitting the diagnosis

of epilepsy from their 2016-2017 investigation of [patient] and colluding with the prosecution."

(Id. at 3-4, 5) The Plaintiff appears to allege that this is "consistent with falsifying evidence" and

"abuse of process" by the Defendant's representative's attendance at the Plaintiff's criminal trial.

(Id. at 4) The Plaintiff states the Defendant breached its duty to disclosing an investigation to the

public. (Id. at 4-5)

The Plaintiff disputes that the Defendant is protected under sovereign immunity, and

asserts that it violated his 14th Amendment rights by "unlawfully and without due process

compromised [his] ability to make a living, and thus my liberty." (Id. at 5)

The Plaintiff alleges numerous errors associated with his trial, incarceration, and

subsequent conviction following his plea that raise questions about his actual guilt indicating that

the Defendant's decision to revoke his license was "clearly erroneous." (Id. at 6-7)

The Plaintiff cites the "Official Code of Georgia Annotated (O.C.G.A.) 43-1-19(h)(2) and

43-34-37" that provide that all reports concerning investigations by the "Board" shall not be made

public demonstrates that the Defendant's representative violated this rule during her testimony at

the Plaintiff's criminal trial. (Id. at 7)

7

In response to the Defendant's exhibit concerning the 2020 order revoking his license, the Plaintiff cites "Article 14 of the West Virginia legislature" providing that a "[c]onviction of a felony . . . for an offense that involves the transfer, delivery . . . of a prescription drug, then the board shall revoke . .   the license of the convicted physician[.]" (Id. at 7-8) The Plaintiff suggests that the recent "SCOTUS decision, Ruan v. USA" shows there was no illegal transfer or delivery of an illegal sentence and that he did not dispense prescriptions outside of his medical practice, therefore, the Defendant's revocation of his license was unlawful. (Id. at 8) In further support of his opposition, the Plaintiff attached exhibits "B", "C", and "D" which concern: a copy of his March 23, 2022 "Letter of Intent to Sue" to the Defendant requesting the "2017 consent order be taken off record" and that his medical license be reinstated without restrictions; and copies of the March 23, 2022 email the Plaintiff sent to the Defendant advising of the letter. (Id. at 10-14)

**The Defendant's Reply**

The Defendant reasserts that the Plaintiff has not shown that he complied with West Virginia law to properly notice the Defendant of his intent to challenge the October 2020 order revoking his license, or that he followed properly procedures to prosecute same, thus he still failed to exhaust his administrative remedies in a timely manner. (ECF No. 36 at 3, 7-8) The Defendant contends that the Plaintiff's response provides no valid argument against the application of sovereign immunity, but only rehashes his claims for defamation, malicious prosecution and unlawful disclosure of a criminal investigation. (Id. at 3-4) The Defendant points out that notwithstanding the irrelevance of the Georgia statute cited by the Plaintiff, he still failed to present a cognizable claim for defamation. (Id. at 4-5) The Defendant asserts that the Plaintiff presented no claims or facts to support his claim for due process violations or that he is entitled to relief for

8

same; the Defendant had a nondiscretionary duty to comply with West Virginia law. (Id. at 5-6) The Defendant points out that the Plaintiff's allegations regarding his criminal defense attorney and underlying criminal proceedings fail to include the fact that he has a malpractice suit against his attorney that has been recommended for dismissal in the Northern District of West Virginia and that his Section 2255 motion to vacate his plea agreement has already been denied and rejected – there are no viable due process violations by the Defendant. (Id. at 6-7) The Defendant reasserts that the Plaintiff still failed to demonstrate a colorable malicious prosecution claim. (Id. at 7)

**The Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction,

9

however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W. Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## Discussion

As an initial matter, to the extent that the Plaintiff has alleged any constitutional or other challenges to his underlying criminal proceedings, the undersigned finds they have no relevance to the issues raised in this action. Furthermore, any attempt to relitigate such matters are inappropriate, not only because this Court is not the proper forum, and has no jurisdiction over same, but also, because the Plaintiff already prosecuted those issues before the Northern District of West Virginia, and are therefore barred under the doctrine of *res judicata.*[6] See, *Brizuela v.*

---

[6] The doctrines of *res judicata*, collateral estoppel and/or claim preclusion provide additional grounds that command dismissal of certain allegations raised in this civil action. The preclusive effects of the doctrines of *res judicata* and

*United States of America*, No. 1:22-cv-2, Criminal Action No. 1:18-cr-1-1, ECF No. 6; see also,

*Brizuela v. Federation of State Medical Boards*, No. 1:22-cv-66-TSK-MJA, ECF No. 13; *Brizuela*

*v. Sarah Wagner*, No. 1:22-cv-67-TSK-MJA, ECF No. 12; *Brizuela v. Douglas Sughrue*, No. 1:22-

cv-68, ECF No. 12; *Brizuela v. Michael DeRiso*, No. 1:22-cv-69-TSK-MJA, ECF No. 12; *Brizuela*

*v. WVU Medical Center*, No. 1:22-cv-70-TSK-MJA, ECF No. 12.

While it appears that the Plaintiff did not provide the proper citation (see ECF No. 34 at 7-

8), it is notable that the Plaintiff ostensibly appreciates the Defendant's nondiscretionary duties

pursuant to W. Va. Code § 30-14-11(a)(1), by acknowledging the statute mandates that "if the

conviction is for an offense that involves the transfer, delivery, or illicit possession of a prescription

drug, then the board *shall revoke* or refuse to issue the license of the convicted physician[.]"

(emphasis added) Regardless of the effects of the Ruan decision[7] has on this statute, or on the

Plaintiff's guilty plea, the Plaintiff presents no evidence that his guilty plea was overturned, which

is the sole basis for the Defendant's October 16, 2020 decision to revoke his license to practice

medicine.[8] Thus, to that extent, the Plaintiff utterly fails to present a cognizable claim for

---

collateral estoppel are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002)(citing In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996)(internal citations omitted). Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995).

[7] Ruan v. United States, 142 S.Ct. 2370, 213 L.Ed.2d 706 (2022).

[8] It also appears to the undersigned that the application of the common law public duty doctrine may be applicable here as well: "a government entity or officer cannot be held liable for breaching a general, non-discretionary duty owed to the public as a whole." See City of Marmet v. Hunter, 2018 WL 2263584, at *2 (W. Va. 2018); W. Va. Code § 29-12A-5(a)(2), (3) ("A political subdivision is immune from liability if a loss or claim results from . . . [j]udicial, quasi-judicial or prosecutorial functions . . . . [or] [e]xecution or enforcement of the lawful orders of any court."; see

malicious prosecution[9] – notwithstanding the fact that he further fails to present any factual

allegations that the Defendant had any agency over the criminal proceedings against him.[10] In a

similar vein, the Plaintiff also does not allege that the Defendant committed any additional acts

since entry of the October 16, 2020 order that would support any "continuing violations doctrine"

(see ECF. No. 34 at 5) to toll the applicable statutes of limitations – it is clear that a single alleged

wrongful act does not constitute a continuing tort, notwithstanding the Plaintiff's allegations that

he continues to suffer financial hardship as a result of losing his license to practice medicine.

Ricottilli v. Summersville Memorial Hosp., 188 W. Va. 674, 677, 425 S.E.2d 629, 632 (1992)

(internal citations omitted); Roberts v. West Virginia American Water Co., 221 W. Va. 373, 378,

655 S.E.2d 119, 124 (2007); A Society Without a Name v. Virginia, 655 F.3d 342, 348 (4th Cir.

---

generally, W. Va. Const. Art. 8, § 3. Given that the Defendant's October 16, 2020 order complies with West Virginia law that it "shall revoke" the license of a physician convicted of offense that involves the transfer or delivery of a prescription drug, clearly the Defendant had no discretion in carrying out this duty.

[9] A *prima facie* case of malicious prosecution must include (1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of probable cause to support that proceeding; and (4) the defendant's malice. See Lambert v. Williams, 223 F.3d 257, 260 (4th Cir. 2000); Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 390 (4th Cir. 2014).

[10] To the extent that the Plaintiff has argued that his conviction(s) are invalid based on Ruan, the undersigned finds that the Plaintiff has also failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003) (holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under Heck, since judgment in arrestee's favor would have implied the invalidity of conviction). It is undisputed that the Plaintiff's conviction pursuant to his guilty plea has not been overturned or declared invalid. Thus, to the extent the Plaintiff's claims can be construed as Section 1983 claims, they are not cognizable pursuant to Heck.

12

2011).

It is also worth noting that the Plaintiff does not address or respond to the Defendant's argument in any sensible, logical or reasonable fashion that: the Defendant is shielded from this action pursuant to the 11th Amendment by virtue of its status as a state agency; the Defendant is not a "person" to the extent the Plaintiff has alleged any Section 1983 claim and is therefore not subject to suit; the Plaintiff failed to properly notice his claim to the appropriate agent or authority to challenge the October 2020 order revoking his license; the Plaintiff failed to institute proceedings for review of the October 2020 order in a circuit court in West Virginia within the statutory deadline per W. Va. Code § 29A-5-4; the Plaintiff failed to allege a colorable claim for defamation, due process or civil rights violations, or unlawful disclosure of a potential investigation; and the Defendant's representative enjoys absolute immunity[11] with regard to giving testimony during the Plaintiff's criminal trial. Thus, to the extent that the Plaintiff does not respond to the Defendant's arguments on such issues, the undersigned finds that the Plaintiff's silence can be construed as a concession to those particular arguments. Intercarrier Communications, LLC v. Kik Interactive, Inc., 2013 WL 4061259, at *3 (E.D. Va. Aug. 9, 2013) (citing Cureton v. U.S. Marshal Serv., 322 F. Supp. 2d 23, 27 (D.D.C. 2004) ("When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the case."); see Chamblee v. Old Dominion Sec. Co., L.L.C., 2014 WL 1415095, at *8 (E.D. Va. Apr. 10, 2014) ("[Plaintiff] did not respond to the arguments made by any of the defendants with regards to Counts IX and X. As a result, [Plaintiff] abandoned these claims.").

---

[11] See Zsigray v. Langman, 243 W. Va. 163, 170, 842 S.E.2d 716, 723 (2020).

Despite the Plaintiff's silence on certain arguments presented by the Defendant,

particularly those concerning applicable statutes of limitation[12] or immunities from suit[13], the

undersigned further notes that the Plaintiff's claims are nothing more than conclusory statements.

As indicated *supra*, the undersigned allowed the Plaintiff to file an amended complaint, as he

continued to file supplemental documents in support of his initial complaint. Although the Plaintiff

filed an "Amended Complaint", he nevertheless still failed to supply any facts supporting any

cognizable claim for relief. Plaintiff also failed to comply with the general rules of pleading as set

forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
>> (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
>> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

---

[12] It is well-known that a plaintiff must file a Section 1983 action within the prescribed time period. Because there is no federally prescribed statute of limitation, federal courts look to and apply their respective State's statutes of limitation. See Owens v. Okure, 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." McCausland v. Mason County Bd. of Ed., 649 F.2d 278 (4th Cir. 1981), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of limitation upon a plaintiff's right to file a defamation claim is one year from the time the cause of action accrued. See W. Va. Code § 55-2-12(c); see also, Horne v. Lightning Energy Services, LLC, 123 F.Supp.3d 830, 837-838 (N.D.W. Va. Aug. 12, 2015)(citing Garrison v. Herbert J. Thomas Mem'l Hosp. Ass'n, 438 S.E.2d 6, 13 (W. Va. 1993)). Indeed, the Plaintiff himself indicates that the "defamation" occurred during his criminal trial when the Defendant's representative testified sometime in "October to September 2019" (see ECF No. 29 at 1, 3). Obviously, the statute of limitations expired long before the Plaintiff filed this action – as he should have filed sometime in "October to September" 2020.

[13] See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989) (suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), *cert. denied*, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). There is no dispute here that the Defendant is recognized as a state agency. United States v. Brizuela, 962 F.3d 784, 789 (4th Cir. 2020); Fisher v. W. Board of Osteopathic Med., 2016 WL 3136851, at *7 (W. Va. Jun. 3, 2016).

The Plaintiff's "Amended Complaint" is not in compliance with Rule 8(a) for failing to allege sufficient facts and circumstances showing that he is entitled to relief. Liberally construing the Plaintiff's allegations indicates that he is aggrieved by many things but provides no factual support for his claims that the Defendant violated his due process rights, civil rights, or any of his constitutional rights. Plaintiff only provides "naked assertion[s]" for these claims which are verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570.

While the Plaintiff's chief complaint and request for relief primarily concerns the revocation of his medical license, even if the Plaintiff properly noticed the Defendant of his intent to challenge the revocation in a timely fashion, this Court would still be without jurisdiction to entertain, let alone set aside, a decision made by a state agency regulating medical licenses. "Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)); also see Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th

15

Cir. 2002) (quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 196 (4th Cir. 2002) ("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The Fourth Circuit has explained that "the *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006); Thana v. Board of License Commissioners for Charles County, Maryland, 827 F.3d 314, 319 (4th Cir. 2016). In the instant case, the Plaintiff is essentially asking this Court to review and reject the October 2020 order issued by the Defendant revoking his license to practice medicine – an order that has remained final in all respects as there is no evidence the Plaintiff challenged this order in the appropriate state court. Thus, the Plaintiff is clearly requesting that this Court review the Defendant's decision. Accordingly, the undersigned finds that the *Rooker-Feldman* Doctrine precludes the Plaintiff's indirect attempt to appeal a state agency administrative decision to this Court.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the ***Motion to Dismiss*** (ECF No. 30), **DISMISS** Plaintiff's Amended Complaint (ECF No. 29) with prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days

(filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings

and Recommendation within which to file with the Clerk of this Court specific written objections

identifying the portions of the Findings and Recommendation to which objection is made and the

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155

(1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d

91, 94 (4th Cir. 1984). Copies of such objections shall be served on any opposing parties, District

Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to

the *pro se* Plaintiff and to counsel of record.

ENTERED: January 9, 2023.



Omar J. Aboulhosn
United States Magistrate Judge